UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEBRA KING**                                                              **CASE NO.**

**VERSUS**
**AIRGAS NITROGEN SERVICES, LLC**

___

**COMPLAINT**
___

Plaintiff, Debra King ("Ms. King") an individual of the full age of majority who brings this complaint against Airgas Nitrogen Services, LLC ("Airgas"), stating the following:

*Defendants*

1.

Made Defendants herein and liable unto Ms. King is Airgas, a foreign limited liability company with its principal business establishment in Louisiana at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Ms. King files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the defendant is a resident of this District.

*Plaintiff's FLSA Claim*

4.

Defendants employed Ms. King in or about November of 2015.

5.

During the time period relevant to this lawsuit, Ms. King was employed as an Area Branch Operations Coordinator.

6.

At the beginning of Ms. King's employment with Defendant was paid on a salary basis, which was increased from time-to-time throughout Ms. King's employment with Defendants

7.

Ms. King was at all times relevant to this matter a non-exempt employee of the Defendant.

9.

Ms. King would routinely work in excess of 40 hours in a workweek.

10.

Despite the fact that Ms. King was a non-exempt employee under the Fair Labor Standards Act, she was never paid an overtime rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

11.

Airgas is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12.

On information and belief, Airgas has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

13.

On information and belief, Ms. King, during and in connection with her employment with Defendant used computer systems, equipment, and other tools of her trade that were produced outside of the State of Louisiana.

14.

Defendant is Ms. King's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant (1) controlled Ms. King's method and manner of work; (2) controlled the schedule for when Ms. King would work; and (3) had a much larger investment, in comparison to Ms. King, relative to the work performed.

15.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

16.

The Defendant has willfully refused to pay overtime to Ms. King for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendant.

17.

The Defendant's failure to pay Ms. King overtime compensation was unreasonable and lacked good faith, and as such, the Defendant is liable to Ms. King for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

**WHEREFORE,** Ms. King prays that there be service and citation upon the defendant, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendant, Airgas Nitrogen Services, LLC, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**BLACKWELL & BULLMAN, LLC**

*/s/James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiff*